IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| BERNARDO MENDOZA and FRANCISCO MENDOZA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RONALD AGE, CAROLINA TIMBERLAND SERVICES, INC., and INTERNATIONAL LABOR MANAGEMENT CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. ) 7:98-CV-228-F(1) ) <br> FOX OB# 20, p. 85 |

## CONSENT ORDER

This is an action brought pursuant to the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§1801 et seq. and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq. Plaintiffs Bernardo Mendoza and Francisco Mendoza allege that they were employed and/or recruited by the defendants as temporary workers in the H2B immigration law program for several months in 1997.

Named as the defendants in the complaint are Ronald Age, the principal of Carolina Timberland Services, Inc. ("CTS"), Carolina Timberland Services, Inc., and the International Labor Management Corporation ("ILMC"). During at least 1997, Mr. Age and his closely held corporation, CTS, engaged in a tree-planting business for a number of large tree companies for which he and CTS used or employed hand laborers that were at least in part recruited by the ILMC in Mexico under the H2B temporary worker program set forth in

1

the Immigration and Naturalization Act.

The allegations of the complaint essentially allege that the defendants violated the rights of the plaintiffs under the AWPA and the FLSA in a number of different ways, including, but not limited to, the failure to pay the plaintiffs for certain "off the clock" work and overtime wages due under the FLSA, the failure to provide accurate and written recruitment disclosure statements at the time of recruitment, and the failure to provide the plaintiff with accurate and complete pay statements with all of the information required by 29 U.S.C. §1821(d).

The defendants have at all times denied, and continue to deny, any violation of the FLSA and the AWPA. In addition, nothing in this consent order or in the settlement of this action should be construed as an admission or finding of any violation of the Act or wrongdoing of any kind or nature by any of the defendants, and that therefore, upon the date that payment is made and all other actions specified in this Consent Order are taken in compliance with its terms, Ronald Age, Carolina Timberland Services, Inc., and the International Labor Management Corporation, and any corporations owned by, associates, employees, partners, or agents of one or more of those same three (3) named defendants shall be fully released and forever discharged from any and all claims, demands, charges, complaints, rights, and causes of action by the plaintiffs that arise or may arise against Ronald Age, Carolina Timberland Services, Inc., and/or the International Management Corporation under the Fair Labor Standards Act, the Migrant and Seasonal

2

Agricultural Worker Protection Act, and the common law of North Carolina for the period from January 1, 1997 through the date that this Court enters that consent order.

The parties have decided to enter into this consent order and to settle the plaintiff's claims and potential claims against defendants Ronald Age, Carolina Timberland Services, Inc., and the International Labor Management Corporation in this case in an effort to avoid further protracted and costly litigation. To that end, the plaintiffs, and defendants Ronald Age, Carolina Timberland Services, Inc., and the International Labor Management Corporation have mutually stipulated to the entry of this Consent Order, and the Court, therefore, upon consideration of the record herein and being fully advised of the premises,

ORDERS and DECREES:

(1) By consent of the parties to this action as demonstrated by their signatures below, the terms of this Consent Order shall be subject to enforcement by any person(s) who would receive any benefit from a full and complete execution of its terms.

(2) Defendants Ronald Age, Carolina Timberland Services, Inc., and the International Labor Management Corporation are jointly severally liable and shall jointly and severally pay the plaintiffs a total of thirteen thousand dollars ($13,000.00) pursuant to the following payment schedule:

(A) Within thirty (30) days after the date that the Court files this Consent Order, defendants Ronald Age, Carolina Timberland Services, Inc., and the International Labor Management

3

Corporation shall pay a total of $5,00.00 to Robert J. Willis, Attorney at Law, in trust for payment to Bernardo Mendoza and Francisco Mendoza;

(B) Within thirty (30) days after the date of the initial payment required by ¶(2)(A) above of this Order, defendants Ronald Age, Carolina Timberland Services, Inc., and the International Labor Management Corporation shall make an additional payment of $1,500.00 to Robert J. Willis, Attorney at Law, in trust for payment to Bernardo Mendoza and Francisco Mendoza; and another payment of an additional $2,500.00 to Robert J. Willis, Attorney at Law, for plaintiffs' attorney fees and costs in this action;

(C) Within thirty (30) days after the date of the second two payments required by ¶(2)(B) above of this Order, defendants Ronald Age, Carolina Timberland Services, Inc., and the International Labor Management Corporation shall:

(A) make a final payment of $4,000.00 to Robert J. Willis, Attorney at Law, for plaintiffs' attorney fees and costs in this action.

(3) In the event that any of the payment(s) required by ¶¶(2)(A)-(C) are not made on or before the date required by this Order, defendants Ronald Age, Carolina Timberland Services, Inc., and the International Labor Management Corporation shall then immediately pay the entire unpaid remainder of the $13,000.00 that defendants Ronald Age, Carolina Timberland Services, Inc., and the International Labor Management Corporation are jointly and severally liable for, together with any accrued interest on the

4

unpaid amount, calculated at the legal rate from the date that this Consent Order is filed.

(4) Defendants Ronald Age, Carolina Timberland Services, Inc., and the International Labor Management Corporation are prohibited from filing any bankruptcy action or bankruptcy petition on any date that falls any sooner than ninety-one (91) days within the last payment actually made or required under the terms of this Consent Order, whichever date is later.

The undersigned parties agree and stipulate that this Consent Order resolves all matters between defendants Ronald Age, Carolina Timberland Services, Inc., and the International Labor Management Corporation and plaintiffs Bernardo Mendoza and Francisco Mendoza that are alleged in the plaintiff's Complaint filed in the above-captioned action, and the plaintiffs' claims against defendants Ronald Age, Carolina Timberland Services, Inc., and the International Labor Management Corporation are dismissed with prejudice.

This the 31st day of May, 2000.

_____
U.S. District Court Judge

5

This the 23d day of March, 2000.

NC Justice and Community Development Center, Inc.

BY: _____
Elizabeth P. McLaughlin
NC Bar #25818
P.O. 28068
Raleigh, NC 27611-8068
(919)856-2570
Co-Counsel for Plaintiffs

_____
Robert J. Willis
    Attorney at Law
NC Bar #10730
(mailing address)
P.O. Box 1269
    Raleigh, NC  27602
(919) 821-9031
Co-Counsel for Plaintiff

6

This the 23d day of March, 2000.

*Kathryn P. Fagan*
Kathryn P. Fagan, Esq.
N.C. Bar #21858
P.O. Box 1492
Carrboro, NC 27510
(919)929-5520
Counsel for all defendants

*Ronald Age*
Ronald Age

*Ronald Age*
Ronald Age, CEO for
Carolina Timberland
Services, Inc.

*Craig Stan Eury*
Craig Stan Eury, Jr., CEO
for International Labor
Management Corporation

7